**HERSHNER v DEIBIG et**

Ohio Appeals, 3rd Dist, Crawford Co

No 1389. Decided Jan 5, 1938

Alfred S. Leuthold, Bucyrus, and Calvin E. Knisely, Galion, for appellant.

Edward J. Myers, Bucyrus, and Carl J. Gugler, Galion, for appellees.

### OPINION

By KLINGER, J.

On the 21st day of July, 1934, the plaintiff was injured in an automobile collision. The plaintiff was riding in an automobile with her father, and Elizabeth Deibig, a minor, was operating an automobile belonging to her sister, with her sister's knowledge and consent. At the time of the collision Elizabeth Deibig was alone in the machine which she was operating.

On the 23rd day of July, 1935, the plaintiff Florence Hershner filed her petition in the Common Pleas Court of Crawford County, Ohio, against the defendants Grace Deibig and Elizabeth Deibig seeking to recover for personal injuries received in the automobile collision. Summons was issued on the same day and served on Grace Deibig by handing her a certified copy with the indorsements thereon, and on the same day service was made upon Elizabeth Deibig by leaving for her at her usual place of residence, a true certified copy thereof with all the endorsements thereon. On October 4, 1935, a motion to make the petition more definite and certain was filed. This motion was sustained on the 27th of November, 1935, and plaintiff was granted leave to amend her petition instanter. On the 11th day of January, 1936, an amended petition was filed. On the 31st day of January, 1936, a motion to make the amended petition more definite was filed. This

motion was sustained, and on the 17th of February, 1936, the plaintiff was granted leave to amend her amended petition instanter. On April 25, 1936, a second amended petition was filed and on the 6th of June, 1936, a motion to strike from the second amended petition was sustained. On the 20th of June, 1936, a third amended petition was filed. On the 8th of ·September, 1936, an application for the appointment of a guardian ad litem was filed and on motion Edward J. Myers was appointed guardian ad litem for the minor defendant Elizabeth Deibig. On the 2nd of September, 1936, summons was served on Elizabeth Deibig, a minor, and on the same day service was again made on Grace Deibig in behalf of the minor, Elizabeth Deibig, said Grace Deibig having the care and custody of said Elizabeth Deibig, a minor. On the 21st of September, 1936, a fourth amended petition was filed. To this fourth amended petition Grace Deibig filed a separate answer and Edward J. Myers, guardian ad litem for the minor defendant Elizabeth Deibig, filed a motion to quash service of summons. This was heard and overruled. On the 6th of March, 1937, a motion for rehearing was filed and on the 13th of March, 1937, this motion for rehearing was sustained and on the 25th of March, 1937, the motion of Edward J. Myers, guardian ad litem for the defendant Elizabeth Deibig, to quash service of summons was sustained. At the same time the demurrer of the guardian ad litem to the petition on the ground that there was a misjoinder of parties was also sustained and Elizabeth Deibig was dismissed as a party defendant, at costs of the plaintiff. Motion for new trial was filed and overruled and exceptions taken.

As we view it, the law as laid down in the case of **Feigi v Lopart Kovich, 38 Oh Ap 338,** controls the rights of the parties tc this proceeding.

The issuance of a summons must be at a time within the statutory limitations for the commencement of the action.

Under the undisputed facts of this case there was no suit commenced until September 8, 1936, against ͵ Elizabeth Deibig as a minor. It is true that the first steps were taken in July, 1935, against Grace Deibig and Elizabeth Deibig and amended petitions were filed, but no suit was commenced against Elizabeth Deibig as a minor, until September 8, 1936, and this is more than two years after the date of the collision. No process was issued for Eliza-

beth Deibig, a minor, until September 8, 1936.

The minor Elizabeth Deibig cannot waive compliance with the statute █ pertaining to the commencement of an action or the service of process.

We are also of the opinion █ that there is a misjoinder of parties defendant.

It appears from the plaintiff's petition that Grace Deibig was the owner of the machine that Elizabeth Deibig was driving; that Grace Deibig was not present at the time Elizabeth Deibig operated the machine and injured the plaintiff, and the demurrer was properly sustained on the ground of misjoinder of parties defendant. There is no averment in the petition that would indicate that there was any concert in the operation, and there was no negligence on the part of the defendant Grace Deibig that in any way contributed to the collision and injury to the plaintiff unless it is averred and proven that Elizabeth Deibig at the time of the collision was operating the machine for Grace Deibig and at her request. See also **Roberts, Executor et v Roberts, Jr. et, 61 Oh St 96. 15 Oh St 324. 21 Ohio Jurisprudence, pages 861 to 934.**

GUERNSEY, PJ, and CROW, J, concur.

## CONCURRING OPINION

### By GUERNSEY, PJ, and CROW, J.

We concur in the judgment herein on ·the sole ground that the demurrer of Elizabeth Deibig by her guardian ad litem, to the petition herein was properly sustained for the reason that she was improperly joined as a party defendant with Grace Deibig, and separate causes of action against each of the defendants were improperly joined. No application for severance of parties defendant or causes of action or for amendment of petition was made when the demurrer was sustained or at any time thereafter, and neither severance nor leave to amend was ordered or granted by the court; therefore the judgment of dismissal of the petition as to the defendant Grace Deibig entered upon the sustaining of the demurrer was final.

The cause of action against the defendant Elizabeth Deibig alleged in the petition is a cause of action for negligence in the operation of the automobile driven by her and owned by the defendant, Grace Deibig while the cause of action averred against the

478

defendant Grace Deibig is negligence in permitting Elizabeth Deibig, a minor, under the age of sixteen years, to operate the automobile owned by the defendant Grace Deibig in violation of the provisions of an ordinance of the city of Galion. There are no allegations of fact that the relationship of master and servant existed between the defendant Grace Deibig and the defendant Elizabeth Deibig in the operation of such automobile and there are no allegations of fact showing any concert of action between the defendants in the operation of the automobile. Under the allegations of the petition, the acts of negligence charged against each of the defendants are separate and distinct from the acts of negligence charge against the other defendant and the allegations against each defendant constitute separate and distinct causes of action, neither defendant under the facts alleged being responsible or liable for the acts of the other. The causes of action against the defendants were therefore improperly joined and each of the defendants was improperly joined with the other defendant, and the demurrer was properly sustained for these reasons, and final judgment of dismissal entered thereon. The judgment of dismissal being sustained on this ground it is unnecessary to discuss the other grounds upon which the judgment of the Common Pleas Court purports to be based.